IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ELIZABETH JACKSON,  :
:
    Plaintiff,  :
:
  VS.  :
:    **1 : 06-CV-45 (WLS)**
:
MICHAEL J. ASTRUE[1],  :
Commissioner of Social Security,  :
:
    Defendant.  :

**RECOMMENDATION**

The above-styled Social Security appeal is presently before the Court on Plaintiff's Renewed Motion for Attorney's Fees (Doc. 31). On March 23, 2007, the district court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings (Doc.19). Plaintiff has filed a Renewed Motion for Attorney's Fees pursuant to 42 U.S.C. § 1383(d)(2)[2]. Plaintiff previously brought a Motion for Attorney's Fees on August 28, 2008 (Doc. 28). The Court denied the Motion, but allowed Plaintiff to submit an additional motion for attorney's fees once documentation showing the official amount of attorney's fees could be provided (Doc. 30). Plaintiff's attorney now seeks an award of attorney's fees in the amount of $ 8,981.18, representing a contingency fee agreement of twenty-five

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

[2]Plaintiff sought fees pursuant to 42 U.S.C. § 406(b), however the Commissioner contends the Motion should be brought under 42 U.S.C. § 1383(d)(2), which is the Supplemental Security Income counterpart of § 406(b). As Plaintiff filed an application for Supplemental Security Income benefits (*see* Doc. 18), it is appropriate that the Motion proceed under § 1383(d)(2).

percent (25%) of Plaintiff's past due benefits. The Commissioner has indicated that he does not oppose this petition for attorney's fees (Doc. 32).

The Court may determine and allow a reasonable contingency fee for representation of a social security appeal, so long as it is not in excess of twenty-five (25) percent. *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010). If the requested fee is within the twenty-five (25) percent limit, "the court must then determine whether the fee sought is reasonable for the services rendered." *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Inasmuch as the Commissioner indicates that he has no objection to Plaintiff's petition (Doc. 32), and thereby appears to concede that the contingency fee is reasonable, the undersigned hereby RECOMMENDS that Plaintiff's Renewed Motion for Attorney's Fees be **GRANTED.**

The undersigned further RECOMMENDS that the Social Security Administration be **DIRECTED** to forward to Plaintiff's attorney forthwith $ 8,981.18, said sum representing a contingency fee agreement of twenty-five percent (25%) of Plaintiff's past due benefits, and RECOMMENDS Plaintiff's counsel be **DIRECTED** to refund Plaintiff the prior award of attorney's fees under the Equal Access to Justice Act ($4163.45) upon receipt of the contractually agreed contingency fee (Doc. 25). *See Jackson*, 601 F.3d at 1274.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 8th day of April, 2011.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf